**MEMO ENDORSED**

> The application is denied. The Defendant's assertion that he wished to testify at his trial is directly rebutted by the trial transcript, which evidences that he informed the Court that he did not wish to testify, because he had concluded that it was not in his interest to do so. (Trial Tr. (Dkt. No. 75) at 61-62). To the extent that the Defendant contends that he did not make the threat call, that argument was rejected by the jury. Accordingly, the application is denied.
>
> Paul G. Gardephe, U.S.D.J.
> Sept. 24, 2023

Plaintiff
DONNELL RUSSELL
  Represented by Donnell Russell

v.

Defendant
UNITED STATES OF AMERICA

Case #: 1:23-cv-07915-PGG
(Re. Case #: 1:20-cr-00538-PGG)

Petitioner Donnell Russell respectfully moves the Court for bail pending the resolution of his 2255 petition.

Federal courts have the inherent authority to admit section 2255 movants to bail pending the decision of their cases, but that power is "to be exercised very sparingly." Cherek v. United States, 767 F. 2d 335, 337 (7th Cir. 1985). Accordingly, before a section 2255 movant may be released on bail, they must be able to show a substantial claim of law upon which there is a high probability of success, or some exceptional circumstance that makes the grant of bail necessary in the interest of justice. See United States v. Mett, 41 F. 3d 1281, 1282 (9th Cir. 1994); Ostrer v. United States, 584 F. 2nd 594, 596 n.1 (2d Cir. 1978); Aronson v May, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (Douglas, J., on application for bail).

Bail is warranted in this case because Russell can show a substantial claim of law upon which there is a high probability of success and because of an exceptional circumstance that makes the grant of bail necessary in the interests of justice.

I. Substantial Claim of Law.

Russell's 2255 petition presents a substantial claim of law. It alleges that his attorney failed to honor Russell's text message based instructions to allow Russell to testify on his own behalf. The government can quickly verify Russell claim by calling Russell's attorney to confirm this point. To the extent this communication (and related communications) is attorney-client-privileged, then Russell waives the privilege. The claim of law arising from these circumstances is substantial. Attorneys have a bright-line obligation to honor a client's decision to testify in a criminal proceeding and are deficient when they fail to do so.

The prejudice is also capable of being quickly verified. Russell and the likely threat caller (Michael Williams) are both imprisoned in the Federal Bureau of Prisons. The government can access their recorded phone calls and have Mr. Krasniqi - the person who fielded the threat call - identify which individual was the threat caller: Russell or Mr. Williams. When the government verifies that Russell was not the threat caller, there will be nothing left to do other than order vacatur of Russell's conviction. There is no reason for Russell to remain imprisoned during the remaining stages of these proceedings.

II. Exceptional Circumstances.

Russell's imprisonment presents exceptional circumstances that make the grant of bail necessary in the interest of justice. The attached letters of Donnell Russell identifies the unique personal safety issues that Russell is facing owing to the inexperience in the prison environment and the significant media coverage of his cases.

III. Conclusion.

The Court should grant Russell's motion for bail. Russell's 2255 petition presents a substantial claim of law upon which there is a high probability of success. Russell faces unique personal safety issues that make the grant of bail necessary in the interest of justice.

Respectfully Submitted,

Donnell Russell

Dated: September 25, 2023

Donnell Russell
19714-510 - Unit F
Federal Correctional Institution
P.O. Box 1000
Sand Stone, MN 55072

Pro Se

⇔01974-510⇔
Sdny U S Courthouse
500 Pearl ST
Clerk of the Court
NEW YORK, NY 10007-1312
United States

RECEIVED
PRO SE OFFICE
OCT - 3 2023