# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONNELL RUSSELL, | ) | |
| Court Compliance ID #1406290000022 | ) | Case #23-CV-07915 |
| Plaintiff/Petitioner | ) | |
| v. | ) | |
| | ) | Case #20-Cr-538 (PGG) |
| UNITED STATES OF AMERICA – | ) | Residing Judge: |
| a municipal corporation | ) | Paul G. Gardephe |
| Defendant | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that Plaintiff DONNELL RUSSELL being represented by Russell Donnell requests that the court docket the Notice of Motion, Motion For Reconsideration of Bail Pending, Declaration of Plaintiff Opposition to Denial of Bail Pending Motion with attachments filed in pursuant to my right to counter denial of my claim to be served upon the persons listed above by having a copy of said Notice of Filing, Motions and Enclosure Attachments delivered to Clerk of Court Southern District of New York Court 40 Foley Square New York, NY 10007 personally via PACER efiling transmission on or shortly after November 22, 2023

By: /s/ Donnell Russell, Petitioner
All Rights Reserved

Russell, Donnell
dba DONNELL RUSSELL
c/o Federal Correctional Institute
P.O. Box 1000
Sandstone, MN 55072

## CERTIFICATE OF SERVICE

I, Russell, Donnell HEREBY CERTIFY that a copy of the attached Notices were delivered by PACER/Electronic Transmission to the person listed below on November 22, 2023

Clerk of Court Southern District of New York Court 40 Foley Square New York, NY 10007

By: /s/ Donnell Russell, Petitioner
All Rights Reserved

**MEMO ENDORSED:**

Defendant Russell has moved for reconsideration of this Court's October 24, 2023 Order (Dkt No 11) denying his application for bail pending resolution of his Section 2255 petition. Russell's motion for reconsideration is denied for the same reasons set forth in this Court's October 24, 2023 Order.

SO ORDERED:

/s/ Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.

Jan. 17, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DONNELL RUSSELL**

Fill in above the full name of each plaintiff or petitioner.

Case No. 1:23 CV 07915

-against-

**UNITED STATES OF AMERICA**

Fill in above the full name of each defendant or respondent.

## DECLARATION

Motion For Reconsideration of Bail Pending The Resolution of 2255 Petition

Plaintiff DONNELL RUSSELL opposition To Denial of the Bail Pending Motion

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, Russell, Donnell, declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

See Enclosure Attachments

Rev. 6/30/16

Civil Case #23-CV-07915  
(Re. Case #20-CR-00538 (PGG)

Compliance #1406290000022  
Certificate Filed: 28 August, 2023

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DONNELL RUSSELL  
Represented by Russell, Donnell  
Compliance #1406290000022  
Plaintiff

Civil Case #23-CV-07915

(Re. Case #20-CR-00538 (PGG)

Vs.

UNITED STATES OF AMERICA  
Defendant

# MOTION FOR RECONSIDERATION OF BAIL PENDING

Petitioner Donnell Russell respectfully moves the Court for RECONSIDERATION of Bail Pending the Resolution of his 2255 Petition.

Federal courts have the inherent authority to admit section 2255 movants to bail pending the decision of their cases, but that power is "to be exercised very sparingly." *Cherek v. United States*, 767 F. 2d 335, 337 (7th Cir. 1985). Accordingly, before a section 2255 movant may be released on bail, they must be able to show a substantial claim of law upon which there is a high probability of success, or some exceptional circumstance that makes the grant of bail necessary in the interest of justice. *See United States v. Mett*, 41 F. 3d 1281, 1282 (9th Cir. 1994); *Ostrer v. United States*, 584 F. 2nd 594, 596 n.1 (2d Cir. 1978); *Aronson v. May*, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1994) (Douglas, J., on application for bail)

Bail is warranted in this case because Petitioner Russell can show a substantial claim of law upon which there is a high probability of success and because of an exceptional circumstance that makes the grant of bail necessary in the interests of justice.

I.   Substantial Claim of Law.

Petitioner Russell's 2255 Petition presents a substantial claim of law. It alleges that hos attorney failed to honor Russell's text message-based instructions to allow Russell to testify on his own behalf. The U.S. Prosecutor can quickly verify Russell's claim by calling Russell's ex-attorney, Michael Freedman to confirm this point. To the extent this communication (and related communications) is attorney-client- privileged, then Russell waives the privilege. The claim of law arising from these circumstances is substantial. Attorney's have a bright line obligation to honor a client's decision to testify in a criminal proceeding and are deficient when they fail to do so. (See Attachment)

The prejudice is also capable of being verified. Russell and the likely threat caller (Michael Williams) are both imprisoned in the Federal Bureau of Prisons. The U.S. Prosecutors can access their recorded phone calls and have Mr. Krasniqi the person who fielded the threat call – identify which individual was the threat caller: Russell or Mr. Williams. When the U.S. Prosecutors verify that Russell was not the threat caller, there will be nothing left to do other then order vacatur of

Civil Case #23-CV-07915  
(Re. Case #20-CR-00538 (PGG)

Compliance #1406290000022  
Certificate Filed: 28 August, 2023

Russell's convictions. There is no reason for Russell to remain imprisoned during the remaining stages of these proceedings.

II.   Additional Added Claims.

On the other hand, if the true reason for this trial has never been about the safety of the theater attendees but more about discouraging a lawsuit being filed against the A&E Lifetime producers for the gross violation and trespass of federally protected intellectual property, then the true intent of filing this case against Russell that did not included Attorney Brian Nix, who drafted, mailed and emailed the Cease & Desist Letter to stop the illegal airing and Mr. Krasniqi, who actually cancelled the airing at the theater who were not include as defendants, has always been to use Russell as a pawn and a scapegoat and this true intent would definitely needs to be protected and kept in the shadow.

Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). This means litigants *must suffer*, or be threatened with, *an actual injury traceable to the defendant's actions*, and that the federal court must be able to grant effectual relief. See id. This case or-controversy requirement *must be satisfied at every stage* of judicial proceedings. Id. If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject matter jurisdiction. E.g., Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Southern District of New York Prosecutors never provided any proof that the "Threat Caller" was Russell or that any of the theater attendees were physically injured outside the venue after the cancelled airing requiring emergency medical care, to the contrary the attendees were videotaped laughing, doing interviews and chanting "Mute R. Kelly" in a very jovial way. Therefore the U.S. Prosecutors case was moot and should have been dismissed for lack of subject matter jurisdiction.

The U.S. Prosecutors for the Southern District of New York convinced the jury to return a guilty verdict in United States v. Russell 20-CR-00538 (PGG) that has nullified legal services and documents used within the entertainment industry for years, setting a far-reaching precedence. No longer should the use of Federally Registered Trademarks be recommended, even for A-List Entertainers. Cease & Desist Letters sent by attorneys to stop an illegal trademark violation have no force and the one being violated could or will lead to them being sued by the United States and detained and there is no need to have a Non-Disclosure Agreements (NDA) executed because it doesn't protect confidential information anymore. There is no true protection when violations occur, and it seems that U.S. Prosecutors and Judges in New York fully supports this new precedent.

III.   Exceptional Circumstances.

Russell's imprisonment presents exceptional circumstances that make the grant of bail necessary in the interest of justice. The attached letter of Donnell Russell identifies the unique personal safety issues that Russell is facing owing to the inexperience in the prison environment and the significant media coverage of his case.

Civil Case #23-CV-07915  
(Re. Case #20-CR-00538 (PGG)

Compliance #1406290000022  
Certificate Filed: 28 August, 2023

The inhumane treatment being experienced in prison by Russell, pales in comparison to the inhumane treatment being experienced by Russell from this court. There was no injured party produced from the December 4, 2018, cancellation. No physical injured individual that required emergency response or an ambulance ride to a hospital for immediate medical care, but with the knowledge that Russell faced a life-threatening attack is being trivialized because the cancellation of the airing of an illegally produced documentary being attributed to his action is more important than his life is by far perplexing, puzzling and troubling!

IV.   Conclusion.

Russell moves the Court for reconsideration of granting his bail pending motion. Russell's 2255 petition presents a substantial claim of law and the additionally added claims sharing a different point of view upon which there is high probability of success, or the true intent and position of this court will be much clearer. Russell faces unique personal safety issues due to the media attention of the New York cases that makes the grant of bail necessary in the interest of justice.

Date: November 22, 2023

Sincerely,

By: *[signature]*

All Rights Reserved

Enclosures:

Plaintiff's Opposition to Judge Gardelph's Denial of Bail Motion  
Text Messages between Russell and Attorney Freedman  
Attorney-Client Privilege Waiver (Informed Consent)  
R. Kelly Federally Registered Trademark  
Attorney Brian Nix's Cease & Desist Letter Final Version  
Attorney Brian Nix's Cease & Desist Letter Email Confirmation

Civil Case #23-CV-07915
(Re. Case #20-CR-00538 (PGG))

Compliance ID #1406290000022
Certificate Filed: 28 August, 2023

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DONNELL RUSSELL
Plaintiff

Vs.

UNITED STATES OF AMERICA
Defendant

To Judge Paul G. Gardephe,

Plaintiff DONNELL RUSSELL opposition to your denial of the Bail Motion Pending The Resolution of my 2255 Petition for the following reasons:

The response written on the bail motion cited the reason for denial is from the following statement the prosecutor made on page 62 in the case transcript: *"There's going to be evidence that shows that he was pleased with the result, <u>even though he didn't make the threat call.</u> You'll hear him on a video say props to whoever did, because it did achieve what he was aiming for and what he doesn't deny aiming for, but it doesn't show that he made that threat. <u>It doesn't show that he's guilty of what he's charged with.</u>"*

Robert Sylvester Kelly's Attorney Brian Nix was retained to for the purpose of the drafting a Cease & Desist Letter that Attorney Nix sent by Express Mail and email to the list of A&E Lifetime Producers of the TV show Surviving R. Kelly docu-series for **the sole purpose of STOPPING the airing of an ILLEGALLY PRODUCED REALITY TV DOCUMENTARY THAT VIOLATED AND INFRINGED UPON KELLY'S FEDERALLY REGISTERED TRADEMARK #2638246 THAT KELLY NEVER CONSENTED TO, WAS NEVER APPROACHED FOR HIS PERMISSION AND NEVER RECEIVED ANY JUST COMPENSATION.** The "United States" Prosecutors Lara Pomerantz and Peter Davis and FBI Special Agent Kerry Calnan created the narrative that stopping the airing was to silence Kelly's accusers, when the intent of the Cease and Desist Letter was **to stop the airing of an ILLEGALLY produced Reality TV documentary that violated and infringed upon Kelly's FEDERALLY REGISTERED TRADEMARK #2638246 that Kelly never consented to, was never approached for his permission and never received any just compensation**. The cast of the show was never the intended recipients or the focal point of the letter. The A&E Lifetime Producers, who were breaking the law with their illegal trespass on **federally protected intellectual property**, with the production of a "drama and turmoil-based" shows for the sake of popularity and ratings, were the targeted recipients of the Cease & Desist Letter that Kelly's Attorney Brian Nix sent by Express Mail and email notification.

Page **1 of 5**

Civil Case #23-CV-07915  
(Re. Case #20-CR-00538 (PGG)

Compliance ID #1406290000022  
Certificate Filed: 28 August, 2023

So, it's rather perplexing to read your reason for denying my Bail Motion using the above captioned transcript because it seems that, first the "United States" prosecutors and now you, Judge Gardephe are supporting a blatant violation and are personally complicit in the trademark infringement by A&E Lifetime Producers that the court should be protecting per the Lanham Act 15 U.S.C. §§ 1051 detailed as follows:

The Lanham Act, 15 U.S.C. §§ 1051 et seq., was enacted by Congress in 1946. The Act provides for a national system of trademark registration and **protects** the owner of a federally registered mark against the use of similar marks if such use is likely to result in consumer confusion, or **if the dilution of a famous mark is likely to occur.**

**Trademark Eligibility**
There are two basic requirements that must be met for a mark to be eligible for trademark protection: it must be in use in commerce and it must be distinctive.

Trademarks, copyrights, and patents are all materials that are **protected by intellectual property laws.** Laws against infringement are vital because they help IP creators prevent others from using their IP without permission. Although there are some exceptions, proving infringement requires showing that:

- The copyright, patent, or trademark is owned by Robert Sylvester Kelly. Kelly's Federal Trademark Registration is #2638246
- The A&E Lifetime producers had easy access due to the popularity of the R. Kelly brand.
- The A&E Lifetime producers took full advantage of their access to the R. Kelly brand by using it without Kelly's consent, permission and he receive no just compensation.
- There are no existing exceptions that allow unapproved use of a federally registered intellectual property trademark. Now it is per *United States v. Russell 20-CR-00538 (PGG)*
- Its premiere episode on January 3, 2019, was Lifetime's highest-rated program in more than two years, with 2 million total viewers.[7] It received critical acclaim, with a 95% positive rating on Rotten Tomatoes. Lifetime milked it for 3 more installments until the last one's ratings were so low that it tanked.

15 USC Ch. 22: TRADEMARKS §1117. Recovery for violation of rights (a) Profits; damages and costs; attorney fees:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages, the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above